WESTERN UNION TELEGRAPH COMPANY V. A. YOUNG.

No. 6426.

**Telegraph Company—Contract.**—The liability of a telegraph company regarding the delivery of a message must be determined by the character of its contract. Hence a message sent to one in "care of" another imposes on the company no obligation to do more than to deliver the message to the agent thus indicated.

ERROR from Grayson. Tried below before Hon. H. O. Head.
The opinion discloses the case.

*Stemmons & Field,* for appellant. — The party sending the message having elected to send it to the care of W. R. Henry & Co., defendant's duty was to find and deliver the message to said firm, and a tender thereof to a member of said firm and a refusal to receive it relieved it from legal liability to deliver the message to plaintiff's wife.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This action was brought by defendant in error to recover of plaintiff in error damages for an injury to the feelings of his wife, alleged to have resulted from the failure of the company to deliver to her a telegraphic message informing her that her mother was dying. It was claimed that by reason of the failure the plaintiff's wife was deprived of the opportunity of attending her mother's funeral, and that she was thereby caused great mental distress.

The message was directed to "Mrs. N. Young, care of W. R. Henry & Co., Fort Scott, Kansas." The evidence showed that Mrs. Young did not receive the dispatch until it was too late for her to reach the place of her mother's death before the burial. But there was evidence to show that on the morning of the day it was received for transmission it was delivered to W. R. Henry, of the firm of W. R. Henry & Co., and that he declined to forward it and handed it back to the messenger.

The court instructed the jury, in effect, that if the defendant's agent at Fort Scott tendered the message to W. R. Henry and he declined to receive it, and gave the messenger such directions as would have enabled him to find plaintiff's wife by the exercise of reasonable diligence, then it was the duty of the agent to use such diligence to find and deliver the message to her. We think the court erred in giving this instruction. The liability of the company must be determined by the terms of its contract. Its obligation was not to deliver to W. R. Henry & Co. and to Mrs. Young, but to deliver to them as her agents, properly addressed to her, to be dealt with by them as they deemed best. The direction "To Mrs. Young, care of W. R. Henry & Co.," has the same meaning and legal effect as it would have had if the direction had been "To W. R. Henry & Co., for Mrs. Young." The company contracted to deliver to W. R. Henry & Co. for the benefit of plaintiff's wife, and when they delivered to a member of that firm their liability was at an end. The court should have so charged the jury.

The other questions presented by the brief of the plaintiff in error have been so frequently decided by this court adversely to its contention that they require no consideration.

For the error in the charge of the court which we have indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 9, 1890.