WESTERN UNION TELEGRAPH COMPANY v. JACK TERRELL.

No. 695.

1. **Telegraph Company—Delivery of Message.**—Where a telegram to one person is addressed in care of another, and it is promptly delivered to such other person, this is a full compliance with the contract as to delivery.

2. **Same—Delay by Plaintiff—Charge.**—Where a father, after receiving a telegram announcing that his daughter was at the point of death, neglects starting to her for more than twenty-four hours, taking the third train after receipt of the message, and reaching her after she had become unconscious, such facts, in an action by him for damages for delay in delivering the message, call for a charge to the effect that he could not recover for damages resulting from any delay in reaching her caused by his own want of diligence.

3. **Same—Mental Anguish—Evidence of Family Relations.**—In an action of damages for mental distress resulting from delay in the delivery of a message announcing illness of a member of the addressee's family, the facts and circumstances surrounding the parties, and whether plaintiff, the addressee, had not then abandoned his family, are proper subjects of inquiry.

4. **Same—Notice of Claim for Damages.**—Delivery of a notice of claim for damages to the messenger boy of the company, with request that he hand it to the local agent, and which the boy failed to do, is not a compliance with the stipulation requiring such notice to be given to the local agent of the company.

APPEAL from the County Court of Smith.  Tried below before Hon. B. B. BEAIRD.

*M. R. Geer*, for appellant.—1. The court erred in not giving the following instruction requested by the defendant: "You can not find for plaintiff any damage caused to plaintiff for the time intervening between the time he could have taken a train to go and see his daughter and the time he actually did take a train to go and see her." Tel. Co. v. Merrill, 22 S. W. Rep., 826; 70 Texas, 689.

2.  Unless there was some degree of affection by Terrell toward his daughter, he could not be damaged mentally by her condition or his being deprived of seeing her.  If Terrell had abandoned his wife and daughter, then his act should go to the jury, so as to enable them to estimate the mental distress.

No brief for appellee reached the Reporter.

LIGHTFOOT, CHIEF JUSTICE.—Appellee has filed no brief, and we adopt the following statement of the case presented by appellant:

Terrell filed suit June 13, and amended it July 3, 1893.  The action was based upon appellant's negligence in the delivery of the following telegrams:

"JACKSONVILLE, TEXAS, February 22, 1893.
"*To Jack Terrell, Tyler:*
"Come at once.  Minnie is at the point of death.
"MAT SHAW."

"JACKSONVILLE, TEXAS, February 23, 1893.
"*To Jack Terrell, Tyler, Texas, Care Young Campbell:*
"Come at once.  Minnie is very low.      "MILLIE TERRELL."

Both messages were sent and received upon regular telegraph blanks, by agreement, as shown by statement of facts.

The first message was filed at Jacksonville at 4:25 p. m., and received at Tyler 5:40 p. m., February 22nd.  The second was filed at Jacksonville 4 p. m., and received at Tyler 5:16 p. m., February 23rd. The transmission was by plea prompt, but there was no delivery to Terrell until Saturday, February 25th, at 10 a. m.  Terrell pleaded that on February 18th his nephew told him in Tyler of Minnie's dangerous condition, whereupon the messenger boy on same day was notified of Terrell's residence and work places.  Terrell, by plea, showed a prompt delivery to Young Campbell of the message in his care, but further pleaded that no effort was made to deliver that message to Terrell by appellant.  Train departures from Tyler and arrivals at Jacksonville are given; that Terrell left Tyler Sunday at 5:45 p. m., and reached home same night 10 p. m.; his daughter was unconscious, and died Monday, February 27, 1893, at 9 a. m.; never recognized nor spoke to Terrell.

Defendant answered with general exceptions, special exceptions, general denial, and special answers setting up that no claim was presented in ninety days, as required by the contract.  To defendant's answer as to ninety days' limitation, plaintiff filed first supplemental petition, and appellant replied by supplemental answer.  All exceptions were overruled by the court, and trial by jury resulted in a verdict and judgment for plaintiff for $100, new trial refused, etc., from which judgment this appeal has been perfected.

It will be unnecessary to consider all the assignments of error presented by appellant, and we will only refer to such as may be necessary to dispose of the case on this appeal.

1.   The court erred in overruling appellant's second special exception to appellee's amended petition setting up negligence in the transmission and delivery of the message of February 23, 1893, from Millie Terrell, sent to appellee in the care of Young Campbell, for the reason, that such pleading does not show any negligence whatever on the part of the telegraph company, either in the transmission or delivery of said message.   The only ground of negligence in regard to this message is, "that said message was sent in care of Young Campbell, and was delivered to the said Young Campbell, without any effort upon the part of the said defendant's agent to deliver the same to the plaintiff, at once."

It is well settled in this State that a message sent to one person in the care of another may be properly delivered to the person in whose care it is sent, and is a compliance with the contract.   Telegraph Co. v. Young, 77 Texas, 245.

2.   It was shown by the testimony that appellee received both messages about 10 a. m. on February 25, 1893; that a train left Tyler for Jacksonville at 5:45 p. m. on that day, and another at 7 a. m. on the following morning, and that appellee did not go to see his daughter until 5:45 p. m. on February 26th—making a delay of twenty-four hours from the time the first train left, and about thirty-one hours from the time the message was received.   The defendant requested a charge embracing the idea that the plaintiff could not recover from defendant damages caused by any delay in reaching his daughter which was thus caused by his own want of diligence after the message was received.   It was error to refuse to submit this question, in proper form, when requested.

3.   It was shown by the testimony of the plaintiff that his family, including his married daughter, Minnie, lived at Jacksonville, and that he had been working at Tyler about fourteen months, and had not been at Jacksonville or with his family within that time, up to the time the message was received.   Upon cross-examination, appellant attempted to show that appellee had abandoned his family, and at the time the message was received was living separate and apart from them.   Such testimony should have gone to the jury.   In a case where mental distress is relied upon as a ground for recovery, the facts and circumstances surrounding the parties are proper subjects of inquiry.

4.   The seventh assignment of error is as follows: "The court erred in not giving the following instructions requested by defendant: 'You are instructed, that a delivery of the written notice required by the contract as to the ninety days limitation must be delivered to the local agent of the defendant company at Tyler, and a delivery to any other was not such delivery.   And if you believe from the evidence that any notice, if any was given, was not given to such local agent within

ninety days from February 25, 1893, then you will find for the defendant company.' "

The defendant below properly pleaded under oath, as required by statute, that the appellee failed to give notice of the claim within ninety days, as required by the stipulation printed upon the message. There was no testimony whatever showing, or tending to show, any notice of a claim for damages in regard to the message of February 23rd. There was testimony tending to show that appellee did, within the ninety days, deliver to a messenger boy a notice of his claim of damages for failure to deliver the message of February 22nd, and that such notice was handed to the messenger boy to be delivered by him to Mr. Yost, appellant's agent at Tyler; but there is no evidence that such notice was ever delivered to Mr. Yost, or any other local agent of appellant. On the contrary, it was shown by the undisputed evidence that such notice was never delivered.

The Act of the Legislature of March 4, 1891, provides, that such notice "may be given to the nearest, or any other convenient local agent of the company requiring the same." Acts 1891, p. 20.

At the time of such claimed notice the appellee was in Tyler, and was working there, and the nearest and most convenient local agent was the local agent at that place. There was no pretense of any attempted notice to any other local agent of the company. Appellee upon this point, testified: "John Anderson, my attorney, prepared in writing a notice of my claim for damages, and I gave it to the messenger boy of defendant on Tuesday after the funeral, and requested the messenger boy to deliver this notice to C. B. Yost, defendant's local agent at Tyler." This was in no sense a notice to the telegraph company or its local agent at Tyler. According to the testimony of Mr. Yost, he never received any such notice.

Under the facts of the case, the seventh requested instruction above was directly applicable; and the court erred in refusing to give it.

For the errors above shown, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 27, 1895.