### LEFLER v. WESTERN UNION TELEGRAPH CO.

(Filed November 25, 1902.)

1. TELEGRAPHS—*Telegrams—Delivery—Agency—Negligence.*

Where a telegram to a person is addressed in care of a corporation, a delivery to an agent of the corporation is sufficient.

2. TELEGRAPHS—*Telegrams—Delivery—Agency—Negligence.*

Where a telegram to a person is addressed in care of a corporation, it is not the duty of the telegraph company to inform the agent of the corporation to whom it is delivered, of its contents.

ACTION by Price Lefler and another against the Western Union Telegraph Company, heard by Judge *Thomas J. Shaw* and a jury, at May Term, 1902, of the Superior Court of ROWAN County. From a judgment for the plaintiffs, the defendant appealed.

*Overman & Gregory,* and *Long & Nicholson,* for the plaintiffs.

*Armfield & Turner, F. H. Busbee,* and *Geo. H. Fearons,* for the defendant.

FURCHES, C. J.   Action for damages for negligence in delivering a message received at Mooresville, Iredell County, to be delivered at Salisbury, Rowan County.

The message was as follows: "To Price Lefler, care So. Railway Co., Salisbury, N. C.   Mother dying.   Come at once.                              D. M. HOWARD."

This message was received by defendant company at 8.20 at Mooresville, and received at Charlotte at 10.55, and at Salisbury at 11.15.   The evidence tended to show that the agent at Mooresville endeavored to send the message to Charlotte at once, but the agent at Charlotte did not answer his calls, and he could not do so sooner than he did.   Upon the message reaching Salisbury, it was at once delivered to Leroy Shuping, a messenger boy 16 years old, and who had lived at Salisbury all his life.   He did not know Price Lefler, nor did he know where he lived, nor whether in Salisbury or not, and it would seem from the evidence that he made extensive search and inquiry for Lefler, the sendee, but was unable to find him.   And this being so, at 11.15 o'clock, he delivered the message to Johnson, the ticket agent of the Southern Railway at Salisbury.   This delivery to Johnson was in time for the plaintiffs to have gone to Mrs. Howard's before her funeral, if the delivery had been made to Price Lefler in person. ·

The discussion of this case has assumed a wide range, as the discussion of such cases usually does.   But, not to consider what is not necessary for a decision of the case, the discussion is very much limited.

The message was delivered to Johnson in proper time, and eliminates the discussion of any negligence there may have been in sending the message, as no negligence can avail the plaintiffs that did not cause the injury.   It also eliminates a discussion as to whether the messenger boy, Shuping,

used due diligence in trying to find Price Lefler or not, who was not in town at that time.

The Court properly instructed the jury that Johnson was a proper agent of the Southern Railway Company, to whom a delivery of the message might be made, and a delivery to him was a delivery to the Southern Railway Company. And as the message was directed to Price Lefler in care of the Southern Railway Company, the said company was made his agent, and a delivery to the agent discharged the defendant from further liability on account of the message. *W. U. Tel. Co. v. Haughton,* 82 Texas, 561; 15 L. R. A., 129; 27 Am. St. Rep., 918; *W. U. Tel. Co. v. Young,* 77 Texas, 245; 19 Am. St. Rep., 751. These cases were cited by the plaintiffs for the purpose of showing that, although the telegram was sent in care of the Southern Railway Company, it was still the duty of defendant to make diligent inquiry for Price Lefler, which the plaintiffs allege was not done. But upon examination of the cases it will be seen that this is only necessary when the party in whose care the message is sent can not be found. When he is found and delivery made to him, the defendant has nothing further to do with the telegram. In this case, the messenger boy, Shuping, made extensive inquiry for Price Lefler before he delivered the message to the Southern Railway Company. This he need not have done, but might have delivered it to the Southern Railway Company at once. As the said company became the agent of the plaintiffs, a delivery to it was a delivery to the plaintiffs. Haughton's case, *supra.* And we can not see (outside of the statute) how the defendant incurred any liability for not informing the plaintiff's agent what was in the telegram. The plaintiff was then in possession of the message, and it could speak for itself.

If the defendant's messenger could have found Price Lefler and delivered the message to him, that would have been a

compliance with its contract, and a discharge from any further liability.   But it seems that a delivery to the wife of Price Lefler might not have been a sufficient delivery.   It would not have been a literal compliance with the contract; but it would, at least, be a presumptive delivery, and a question for the jury, and, unless some reason was shown why it was not or should not be, it would be held sufficient.   Gray on Communications by Telegraph, Sec. 23.

While the Court charged the jury correctly that a delivery to the Southern Railway Company was a compliance with the contract, and a delivery to Johnson was a delivery to said company, it erroneously charged the jury that if they found from the evidence that a prudent man would have informed Johnson, when the message was delivered to him, that "It was a very important message," then it was the duty of the defendant to have done so, "and if it did not, it was guilty of negligence."   This was excepted to, and was error.   It was no part of the defendant's duty to inform the plaintiffs nor their agent what the telegram contained, and it had no right to inform any one else.   For this error there must be a

New Trial.

DOUGLAS, J., concurs in the result.