### WESTERN UNION TELEGRAPH COMPANY v. R. M. SHAW.

Decided October 14, 1905.

**1.—Telegram—In Care of a Corporation:**

The sending of a message to an individual in care of a corporation constitutes such corporation the agent for the sendee to receive such message. The delivery to the corporation would relieve the telegraph company of responsibility. It is not necessary that the name of some officer of the corporation should be given; nor is it necessary that the addressee be connected in any way with said corporation.

**2.—Comparative Mental Anguish—Irrelevant.**

If the defendant by its negligence occasioned the addressee mental suffering by reason of absence from the burial of her son, it is liable, notwithstanding she would have suffered other anguish by witnessing that scene.

**3.—General Demurrer—Sufficient Allegation.**

As against a general demurrer, an allegation that defendant negligently failed to deliver the message to the addressee includes the allegation that it negligently failed to deliver to her agent.

**4.—Manifestation of Grief on Witness Stand.**

Alleged misconduct of party on witness stand during the trial is peculiarly for the determination by the trial judge. The Appellate Court can not say that plaintiff's wife was guilty of any misconduct in appearing upon the witness stand in deep mourning or in giving way to her emotions, there being no evidence that this was done for an improper purpose.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*George H. Fearons, Davis & Garnett* and *N. L. Lindsley,* for appellant.—Where a message is sent to a person in the care of a corporation, it is error for the court to charge the jury that the company owed a duty to deliver the message to such corporation, where said message was not connected with said insurance company's business, and no agent of said insurance company was named therein or could properly receive said message for said insurance company. Western Union Tel. Co. v. Mitchell, 44 S. W. Rep., 274; Western Union Tel. Co. v. Young, 13 S. W. Rep., 985; Western Union Tel. Co. v. Wofford, 60 S. W. Rep., 546.

Where the evidence tends to show that had plaintiff gone to the funeral of her son, she would have suffered more mental anguish and pain than had she not gone, no recovery can be had for delay in delivery of the message. Where plaintiff has failed to allege, and does not claim damages for failure to deliver a message in care of a corpora-

tion, it is error for the court to instruct the jury that it was the duty of the company to use reasonable diligence and ordinary care to deliver or to make any delivery to such corporation. Facts not alleged, though admitted in evidence without objection, will not support a judgment. Western Union Tel. Co. v. Drake, 29 S. W. Rep., 919; Western Union Tel. Co. v. Thompson, 45 S. W. Rep., 429.

Where the defendant pleads matters in defense specially, and these allegations are supported by the evidence, a general charge upon the subject is not sufficient, where the defendant requests a proper charge submitting the same matter so specially pleaded and supported by the evidence. The charge requested applied the laws to the very facts of the case, and it was error to refuse it. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. Louis & S. W. Ry. Co. v. Casseday, 92 Texas, 525; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri, K. & T. Ry. Co. v. Melugin, 63 S. W. Rep., 339.

*Potter & Potter,* for appellee.

SPEER, ASSOCIATE JUSTICE.—R. M. Shaw instituted this suit against the Western Union Telegraph Company and recovered damages in the sum of eleven hundred dollars for the negligent failure to promptly transmit and deliver the following message, to wit: "Forreston, Texas, 21 November, 1903. To Mrs. R. M. Shaw, c/o Mutual Benefit Life Insurance Company, Oklahoma City. Clifford killed in wreck this afternoon. Bury here tomorrow. (Signed) T. A. Hawes." Mrs. R. M. Shaw, the addressee in the message, is the wife of the appellee and the mother of the "Clifford" referred to. The sender of the message, T. A. Hawes, is a former husband of Mrs. Shaw and the father of Clifford. The message reached Oklahoma City in time to have been delivered on the afternoon of November 21, which would have enabled Mrs. Shaw to reach Forreston in time to attend the funeral of her son, but its delivery was negligently delayed until the following day—too late for her to make the journey.

The first to fourth assignments of error serve as a predicate for the proposition that where a message is sent to an individual in care of a corporation, the sending company will not be held negligent for failing to deliver to the corporation in the absence of the name of some of its officers being given, who are authorized to receive messages sent to or in care of such corporation, and the further proposition that the company is under no obligation to make any effort to deliver such message to the corporation in the absence of its appearing that the addressee is connected with such corporation, and that some agent of such corporation is the authorized agent of the addressee. While we are cited to no case, and have found none, wherein this precise question is decided or discussed, we deem it unimportant, since the true rule in such case evidently is that the sending of a message in care of a corporation necessarily constitutes such corporation the agent for the sendee to receive such message. The delivery to the corporation would undoubtedly relieve the company of responsibility (Western Union Telegraph Company v. Young, 77 Texas, 245; Western Union Telegraph Company v. Barefoot, 76 S. W. Rep., 915) and is made in precisely

the same way as though such corporation were the principal addressee. Of course, a delivery to a corporation can only be made through its agent, or representative, and the same may be said of partnerships, such as the case of Western Union Telegraph Company v. Young, *supra,* appears to have been.

The appellant by special charge sought to have the jury instructed to find for it in the event they found that "had Mrs. R. M. Shaw looked after and cared for the remains of her son and attended his funeral and burial, she would have suffered more mental anguish and grief than she did suffer in not attending said funeral and burial"; but we do not understand such to be the law. If appellant by its negligence occasioned Mrs. Shaw mental suffering in that she was prevented the comfort and satisfaction of attending the funeral and burial of her son, it is liable in damages, notwithstanding she would have suffered other anguish by being present and witnessing those scenes. The latter would be suffering of her own inviting, whereas the former is the result alone of appellant's dereliction.

The failure of appellee's petition to allege specifically that the appellant was negligent in not delivering the message in question to the Mutual Benefit Life Insurance Company, especially in the absence of an exception, would not render erroneous the court's charge placing the duty upon it of making such delivery. As against a general demurrer, appellee's allegations to the effect that appellant negligently failed to deliver such message to his wife, includes the further allegation that it negligently failed to make the delivery to her authorized agent, the insurance company. So that, contrary to the contention of the appellant, the allegations are sufficient to embrace this issue and the same was properly submitted to the jury.

The sixth special instruction was properly refused, because the issue was sufficiently submitted in the fifth paragraph of the charge given. While the defense that Mrs. Shaw was in such a weak and debilitated condition that her physician and friends would have dissuaded her from making the journey to Forreston, had the message been promptly delivered, was not submitted in the exact verbiage of the plea, yet the language of the court's charge that, "if, on account of her physical condition, or from any other cause whatever, she either could not or would not have taken said train on said night at Oklahoma City for Forreston, then you will find for defendant," is such as to give appellant the full benefit of such defense. We think the rule announced in the case of Missouri, K. & T. Railroad Company v. McGlamory, 89 Texas, 635, and later cases following it, has in no wise been violated in this case.

Other assignments raise the questions of the excessiveness of the verdict, and the misconduct of appellee's wife at the trial. But we hold against appellant in these contentions. The judgment, we think is not excessive. Whether or not the conduct of a party or a witness upon the trial of a case is such as unduly to influence the jury in favor of the prevailing party is so peculiarly one for the determination of the trial judge in passing upon the motion for a new trial, that we would in no case feel at liberty to reverse upon this ground, except where such discretion has clearly been abused. We are not prepared

to say that appellee's wife was guilty of any improper conduct in appearing upon the witness stand in deep mourning, or in giving away to her emotions during the examination in chief, when the circumstances of the death and burial of her boy were being inquired into. As sensible men, jurors understand in cases like this that no recovery can be had for the death of the relative, and there is in the present case not the slightest indication that the jury was probably improperly influenced through their sympathy for the mother. Nor is there any evidence that Mrs. Shaw appeared in mourning for an improper purpose.

We think the evidence amply indicates that Mrs. Shaw would have been present at the funeral if the message in question had been seasonably delivered on November 21, notwithstanding there is testimony to the effect that she would have been unable to do so because of a recent surgical operation, the nature of which is not disclosed. She testifies that she had sufficiently recovered from the operation to enable her to make the journey, and that she would have done so, and the fact that she did go on the 23d tends strongly to show that she would.

All assignments are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.