# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY

### SEPTEMBER TERM, 1909.

CASE 1.—ACTION BY S. J. TAYLOR AGAINST THE WEST-
ERN UNION TELEGRAPH CO.—December 17, 1909.

## Taylor v. Western Union Telegraph Co.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Re-
versed.

1. Telegraphs and Telephones—Delivery of Messages—Perform-
ance of Duty.—Where a telegraph company received a mes-
sage addressed to a post office box, it performed its contract
when it placed its message in an envelope, correctly address-
ed in the post office, within a reasonable time, though the
sendee did not receive the message, for the address desig-
nated the place of delivery.
2. Telegraphs and Telephones—Delivery of Messages.—Perform-
ance of Duty.—Where a telegraph company received a mes-
sage for "S. J. T." addressed to a post office box, delivered the
same at the post office address to "P. J. T.," followed by the
correct number of the post office box, and the sendee did not
receive the message from the post office within a reasonable
time, the question whether the error in the address caused
the telegram to be misplaced in the post office was for the
jury, and, on it finding that the error caused the delay, the
company was liable, as it must use the full address given by
the sender.

W. J. WEBB for appellant.

FLOURNEY & REED, A. E. RICHARDS and GEORGE H. FEARONS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On September 20, 1908, at 8:20 a. m., there was delivered to the appellee company at Canyon City, Tex., the following telegram: "S. J. Taylor. P. O. Box 167. Paducah, Ky. Papa died this morning 6:15. Will take him to Florence. B. T. Presler." The appellant, who is a married lady, did not receive the telegram until 9 p. m. on the 20th, at which time it was too late for her to reach the place of burial before it had taken place. If the telegram had been delivered to or received by her before 2:15 p. m., she could and would have been present at the burial. In this action by her against the company to recover damages for its failure to deliver the message, the jury returned a verdict in favor of the company. From the judgment entered in conformity with the verdict, she prosecutes this appeal.

It appears from the evidence that Mrs. Taylor, who was a resident of Paducah, had post office lock box 167 in the Paducah post office, and that she had requested her brother—the sender of the telegram—to notify her if her father died. There was no direction given to him as to how to address the telegram, but, as he had addressed all mail to her in care of this post office box, the telegram was sent in the same way. In some manner not explained the first initial letter in the name of the addressee was changed in transmission from "S" to "P," so that, when the telegram reached Paducah, it appeared to be for "P. J. Taylor." The agents of the telegraph com-

pany at Paducah testified that the telegram was received at Paducah at 9:44 a. m. on the day it was sent, and before 10 o'clock a. m. it had been placed in an envelope addressed to P. J. Taylor, and placed in the post office in the box set apart for the reception of the general mail. The post office authorities, although they had no independent recollection of this particular envelope, testified that letters for general delivery were taken out of the box every half hour, and at once placed in the box to which they were addressed. The envelope in which the telegram was placed in the post office is filed with the record, and on it there are two stamps made by the machine used in the post office for the purpose of noting the time when letters are taken out of the general reception box for distribution in the box in which they should go. One of these marks shows that it was stamped at 3:30 p. m., and the other at 10:30 a. m. In explanation of how two stamps appeared on the envelope, the chief clerk in the post office testified that the 10:30 stamp indicated that it had been run through the stamping machine in the post office at 10:30 a. m., and the figures 3:30 that it had been again run through the stamping machine at 3:30 p. m., and that this could only have happened by the envelope in some manner getting back into the general reception box after 10:30 a. m. and before 3:30 p. m. Two witnesses introduced in behalf of the appellant testified that they opened post office box 167 at 11 a. m., at 12 noon, and at 3 p. m., and that this envelope was not in the box at either of those hours.

With the evidence in this condition, the court instructed the jury "that it was the duty of the telegraph company to exercise ordinary care to deliver the telegram to the post office in Paducah, addressed

to P. O. Box 167, within a reasonable time after it was received.'' And, further, that, unless the jury believed that the delay in receiving the telegram was due to the failure of the telegraph company to deposit it in the post office within a reasonable time, they should find for the company.

Counsel for appellant requested the court to instruct the jury that if they believed from the evidence that the defendant company failed to deliver to the plaintiff within a reasonable time after its reception the telegram they should find for her. And further that it was the duty of the telegraph company to deliver the telegram in the post office in an envelope addressed to 'S. J. Taylor, P. O. Box 167, Paducah, Ky.,'' but these requests were refused. It will be observed that one essential difference between the instruction given and refused is that in the one given the court ignored the name of the addressee, and instructed that, if the envelope was addressed to post office box 167, it was sufficient; while the refused instruction required that the correct address of the sendee as well as the number of the post office box should be given. Briefly stated, the position of counsel for the telegraph company is that its duty was fully discharged when it placed in the post office the telegram in an envelope addressed to the sendee within a reasonable time after it received it at its office, and that, as the error in the initial of the name was not under the facts material, the company occupies the same position as if the envelope had been correctly addressed; while the contention of the appellant is that the placing of the telegram in a properly addressed envelope in the post office within a reasonable time was not sufficient, that the post office address was merely one of the means by which the

company might locate the addressee, and it was the duty of the company to exercise reasonable diligence to deliver the telegram in person to her, and, if it failed by such diligence and care to find her,.it was then its duty to place it in the post office, and further that the mistake in the initial was an important one. So that passing for the present the error in the name, the decision of the issue presented turns on whether or not the company discharged its duty by merely putting the telegrams in the post office.

The evidence of the employes of the company at Paducah and the post office stamp on the envelope establish beyond reasonable doubt that the envelope containing the telegram was placed in the post office before 10:30 a. m., and it is not disputed that, if this was done, the telegraph company exercised reasonable diligence, providing this was a sufficient delivery on its part. Although the evidence of the witnesses who did not find it in post office box 167 is directly in conflict with the statement of the post office officials that it was placed in that box before 11 a. m., and it is apparent that either the post office employes did not put the envelope in the box or the persons who opened the box did not discover it, yet the negligence of the employes or the persons who looked in the box cannot be allowed to prejudice the rights of the company, if placing the envelope in the post office within a reasonable time after receiving it was the full measure of its duty.

If the telegram had been correctly addressed, we should say without hesitation, that, when the company placed it in the post office within a reasonable time after receiving it, it performed its contract, although the addressee may not have received it within a reasonable time or at all. The address was not

intended to furnish a means by which the addressee might be found, but was intended to designate the place at which the message should be delivered. If the company had failed to deliver the message at this place within a reasonable time, it would have been guilty of negligence, and would not be permitted to excuse itself for its failure so to do upon the ground that it was making reasonable efforts to locate the addressee and deliver in person the message, although of course, if the message had been delivered in person to the addressee within a reasonable time after it was received, she could not complain of the failure to place it in the post office. The company had the right to assume that the sender knew where he wanted the telegram delivered, and, in the absence of notice to the contrary to the agent or operator at Paducah, the company was under no duty to look up other places or other persons for the purpose of delivering the telegram to the addressee in person or at the place where she lived. A different question would be presented if the agent or operator of the company at Paducah had been notified before the arrival of the telegram to send it to another address.

In Lefler v. Western Union Telegraph Co., 131 N. C. 355, 42 S. E. 819, 59 L. R. A. 477, a message was sent to Price Lefler in care of Southern Railway Company, and the court held that a delivery to the agent of the Railway Company was sufficient, although Lefler did not receive it until some time afterwards. In the course of the opinion the court said: "When the person in whose care the message is sent is found and delivery made to him, the defendant has nothing further to do with the telegram. In this case the messenger boy Shuping made extensive inquiry for Price Lefler before he delivered the mes-

sage to the Southern Railway Company. This he need not have done but might have delivered it to the Southern Railway Company at once. As the said company became the agent of the plaintiff, a delivery to it was a delivery to the plaintiffs.'' But we are of the opinion that the court should have instructed the jury as requested that it was the duty of the company to put the telegram in an envelope correctly addressed and place it in the post office. The number of the post-office box was not the full address given by the sender of the message. He also gave the name of the addressee, and it was the duty of the company to place the full address given by the sender on the envelope. The error in the address may or may not have been the cause of the envelope containing the telegram being misplaced in the post office and consequently not received in due time by Mrs. Taylor. Upon this point, however, we express no opinion, but on another trial this question should be submitted by appropriate instructions.

Wherefore, the judgment of the lower court is reversed, with directions for a new trial in conformity with this opinion.