R. JOHNSON v. WESTERN UNION TELEGRAPH COMPANY.

Decided December 7, 1910.

1.—Telegram—"In Care of"—Delivery.

When a telegram is directed in care of anyone, a prompt delivery by the telegraph company to the one in whose care it is addressed, is all the law requires. Therefore in an action for damages for delay in delivering a telegram sent in the care of a third party, the plaintiff must prove that it was not delivered within a reasonable time either to the party in whose care it was sent or to the addressee.

2.—Telegram—Negligence in Delivery—Notice of Damages.

A telegram sent from one place, reading as follows, "Come at once, your mother died this p. m.," would not be notice to the telegraph company that the deceased was to be buried at a different place, and that delay in delivering the telegram might prevent the addressee from attending the funeral.

Error from the District Court of Calhoun County. Tried below before Hon. James C. Wilson.

*Willett Wilson* and *Lewis Wood,* for plaintiff in error.

*Proctor, Vandenberge & Crain,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—The plaintiff in error, hereinafter called plaintiff, sued defendant in error, hereinafter called defendant, to recover damages for its alleged negligence in failing to deliver this dispatch: "Victoria, Texas, 8/6/1907. R. Johnson, care Olsen Hotel, Yoakum, Texas. Come at once your mother died this p. m. J. F. Hickman," in time to allow him to attend the burial and funeral services of his mother, which took place at Port Lavaca, Texas, on the next day.

Among defendant's pleadings was a general denial.

After hearing the evidence, the court peremptorily instructed a verdict for the defendant, and from the judgment entered upon it the plaintiff has appealed.

The assignments complain of the peremptory instruction and of overruling plaintiff's motion for a new trial.

The undisputed evidence shows that the telegram was delivered to defendant's agent at Victoria for transmission at about 8 o'clock p. m. on the day it bears date, plaintiff's mother having died at 7:45 p. m. on the same day, by the sender, J. F. Hickman, who was deceased's son-in-law, with whose family she was living at Victoria prior to her death; that the plaintiff was stopping at the Olsen Hotel at Yoakum, in whose care the message was sent, at the time, and that it was handed him there by Walter Olsen, a son of the proprietor, at 9:45 a. m., on the day after it was delivered for transmission, too late for him to reach Port Lavaca to attend the funeral; that had it been delivered him prior to seven o'clock on that morning he could and would have reached there in time. There was no evidence introduced by either party showing or tending to prove that the telegram was not delivered by defendant at the Olsen Hotel prior to seven o'clock on the day he received it, nor was there any evidence tending to prove that the defendant or its agents knew that the remains of plaintiff's mother would be carried to Port Lavaca and be interred there.

When a message is directed in the care of anyone, a prompt delivery by the telegraph company to the one in whose care it was addressed, is all the law requires. Western Union Tel. Co. v. Young, 77 Texas, 245; Western Union Tel. Co. v. Pearce, 95 Texas, 578; Western Union Tel. Co. v. Barefoot, 97 Texas, 159; Western Union Tel. Co. v. Bryant, 35 Texas Civ. App., 442 (80 S. W., 406); Western Union Tel. Co. v. Shaw, 40 Texas Civ. App., 277 (90 S. W., 58); Western Union Tel. Co. v. Terrell, 10 Texas Civ. App., 60 (30 S. W., 70); Western Union Tel. Co. v. Thompson, 10 Texas Civ. App., 120 (31 S. W., 318); Western Union Tel. Co. v. Elliott, 7 Texas Civ. App., 482 (27 S. W., 219). Therefore, the burden being upon the plaintiff to prove defendant's negligent delay in delivering the telegram, he can not recover by simply showing that it was not delivered to him at the hotel by some one else within a reasonable time. For the party in whose care it was

addressed may have received it in time, and may have himself been guilty of the negligence. It was incumbent upon the plaintiff to prove affirmatively that defendant was guilty of negligence. Western Union Tel. Co. v. Bennett, 1 Texas Civ. App., 558 (21 S. W., 699); 12 Enc. Ev., 407. If a presumption of negligence should be indulged, it might as well be presumed against the hotel authorities as against the defendant.

Besides, the telegram imparted no notice to the defendant that plaintiff's mother was to be buried at Port Lavaca, nor was any extraneous evidence introduced tending to show that defendant had such notice. Therefore, any damages caused by plaintiff's failure, on account of delay in its delivery, to reach that city in time to attend her funeral was not within the reasonable contemplation of defendant, and such damages were too remote to predicate an action upon for their recovery. Postal Tel. Cable Co. v. Smith, 124 S. W., 733; Western Union Tel. Co. v. Kuykendall, 99 Texas, 323; Western Union Tel. Co. v. Ayers, 41 Texas Civ. App., 627 (93 S. W., 199).

There is no error in the judgment, and it is affirmed.

*Affirmed.*