8193

HINSON v. WESTERN UNION TELEGRAPH CO.

1. PRINCIPAL AND AGENT—EVIDENCE.—WHERE A TELEGRAPH COMPANY undertakes to transmit a message to one of its offices and there mail to the addressee, it does its duty by doing so in a reasonable time. Negligence in delivery by the postal authorities cannot be imputed to the telegraph company, as they were the agents selected by the sender to make final delivery, and the admission of the postal authorities as to the receipt of the message is binding on the sendee.

2. TELEGRAPH COMPANIES—PLEADINGS.—UNDER A GENERAL DENIAL the telegraph company may show it was instructed to mail the message, the indication appearing on the face of the message in possession of plaintiff that the sendee lived in the country.

Before ERNERT MOORE, special Judge, Lancaster, December, 1910. Affirmed.

Action by Blanch Hinson and W. J. Hinson against Western Union Telegraph Company. Plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Delivery by special contract should be pleaded:* Code of Proc. 170; 62 S. C. 150; 70 S. C. 211; 75 S. C. 68; 13 L. R. A. (N. S.)

445. Thomp. on Neg., sec. 2506; 46 L. R. A. 238; 58 S. C. 32; 1 Ency. P. & P. 845; 4 S. C. 49; 9 S. C. 281; 58 S. C. 32; 27 S. C. 621; 84 S. C. 120; Pom. Rem., sec. 673; 73 S. C. 510; 51 S. C. 95, 158; 66 S. C. 217. *Answer should not be amended to conform to proof:* 60 S. C. 477; Code of Proc. 194; 21 S. C. 225; 31 S. C. 204; 63 S. C. 311; 85 S. C. 454; 49 S. C. 513; 50 S. C. 217; 82 S. C. 410. *Delay in delivery is presumptive of negligence and casts burden on defendant to show diligence:* 87 S. C. 174; 77 S. C. 408; 69 S. C. 548; 69 S. C. 550; 43 L. R. A. 214; 70 S. C. 423; 70 S. C. 87; 73 S. C. 221; 87 S. C. 235, 240, 174; 62 S. C. 140; 85 S. C. 303; 52 S. C. 344; 83 S. C. 215; 61 S. C. 354; 55 S. C. 391; 9 Rich. 84; 26 S. C. 50; 85 S. C. 535; 81 S. C. 512; 19 S. C. 39; 78 S. C. 39, 82; 76 S. C. 310, 542; 66 S. C. 478; 87 S. C. 465, 321.

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys* and *Williams & Williams,* contra. *Messrs. Williams & Williams* cite: *If presumption of negligence is overcome Court should direct verdict:* 87 S. C. 176. *Proof of instruction as to delivery is admissible under general denial:* 16 S. C. 586. *delivery is admissible under general denial:* 16 S. C. 586. *As to amendments to conform pleadings to proof:* Code of Proc. 194; 51 S. C. 419; 86 S. C. 101; 82 S. C. 313; 85 S. C. 453; 83 S. C. 557; 80 S. C. 217; 81 S. C. 578; 84 S. C. 268; 39 S. C. 223.

*Messrs. Nelson, Nelson & Gettys* cite: *Where uncontradicted evidence points one way verdict should be directed:* 42 S. C. 28; 52 S. C. 518; 66 S. C. 224; 68 S. C. 184; 61 S. C. 569. *Delivery at the postoffice was according to the contract:* 74 S. C. 491; 84 S. C. 5; 70 S. C. 87. *And this contract is binding on all parties:* 5 Rich. 358; 71 S. C. 506; Jones on T. & T. Co. 275; 2 Joyce, secs. 966a, 290, 751; 59 L. R. A. 477. *Contract of delivery is competent under*

*denial:* 2 Abbott's Trial Brief 1303; 28 Hun. 220; 26 Neb. 59; 38 S. C. 529; 70 S. C. 295.

April 24, 1912. The opinion of the Court was delivered by

Mr. Justice Woods. In this action the plaintiff claimed damages for the mental anguish of being deprived of the privilege of looking on the face of her dead sister, Mrs. Yarborough, and attending her funeral, her allegation being that she would have been able to reach Charlotte where her sister was buried, from her home near Lancaster, in time for the funeral, but for the negligence and wilfulness of the defendant in failing to transmit promptly a telegram announcing her sister's death.

The principal defense was a general denial of the charge that the defendant had failed in its duty to transmit and deliver the telegram promptly. The Circuit Judge directed a verdict in favor of the defendant.

C. P. Deal, a friend of plaintiff's family, delivered to the defendant's agent in Charlotte, N. C., between nine and ten o'clock in the evening of May 16, 1909 the telegram in these words:

"Charlotte, N. C., 16 May, 1909. Blanch Hinson, Lancaster, S. C. Route No. 1, Care Bill Vick. Mrs. Yarbor died at 8:30 p. m. C. P. Deal."

The agent informed Deal that, as it was Sunday, the office at Lancaster would not be open until the beginning of office hours at eight o'clock Monday morning, and that the message could not be sent until that time. Deal directed the agent to have the message mailed from Lancaster, if Mrs. Hinson did not live in town. Cloyd, defendant's agent at Lancaster, received the message at eight o'clock Monday Morning, May 19th, and he testified that he immediately mailed it, properly stamped and addressed, as indicated on its face.

Tillman, the R. F. D. carrier, testified that on the same day he received the telegram duly addressed and stamped from the postoffice at Lancaster, and in his regular course promptly placed it in Bill Vick's box on R. F. D. Route No. 1, about eleven o'clock.

The plaintiff insists that, notwithstanding this evidence, the jury would have been at liberty to infer from the evidence offered by her that the defendant's agent did not mail the telegram promptly. On this point the plaintiff testified that she went to the box on Monday after the delivery of the mail, and the telegram was not there, and that she got it out of the box on Tuesday morning, too late to attend the funeral. She testified further that the envelope containing the message which would have shown the date of the mailing was given to her child to play with, and lost.

We think the evidence shows conclusively that the defendant discharged its duty. Negligence of a telegraph company may be inferred from its long delay in transmitting a message, but not from the delay which may be imputed to an agency selected by the sender to receive the message. When the sender of the message directed it to be mailed at Lancaster, he constituted the postoffice—the postal officials at Lancaster—his agents to receive and transmit the message, and delivery by the defendant to the postal officials by mailing was a fulfillment of its duty. *Lyles* v. *Tel. Co.*, 84 S. C. 1, 65 S. E. 832; Johns on Telegraphs and Telephones, section 290, Joyce on Electric Law, section 751; *Lefler* v. *Western U. Tel. Co.*, 131 N. C. 355, 47 S. E. 819, 59 L. R. A. 477; *Western U. Tel. Co.* v. *Shaw* (Texas), 90 S. W. 58.

Not only did the carrier, the agent so appointed, admit receiving the message, but he testified on the trial that he received and undertook to deliver it. This admission by the carrier was binding on the parties to the message just as if the telegraph company had taken a formal receipt from

him or from the postmaster. There was not a particle of evidence of collusion between the defendant and the carrier, nor was there a single circumstance indicating that the acknowledgment of the agent appointed to receive the message from the defendant was untrue. Thus not only was there a complete failure to show any delay by the defendant, but there was positive proof from the agency selected by the parties that the telegram was promptly delivered as required by its terms to the postoffice.

There is nothing whatever in the point that the evidence as to the direction of the sender to mail the telegram was not set up in the answer as a special contract, and, therefore, not available to the defendant. The telegram was in the possession of the plaintiff, and indicated on its face that it was to be sent into the country. Under its denial of negligence in the delivery of the telegram, the defendant had a right to show that it delivered the telegram according to the direction indicated on the face of the telegram and expressly given by the sender.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.