WESTERN UNION TELEGRAPH CO. v. PRICE et al.  (No. 9207.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 24, 1920.)

1. TELEGRAPHS AND TELEPHONES ⬨⇒66(4)— EVIDENCE HELD PRIMA FACIE PROOF OF DELIVERY OF MESSAGE SENT TO ADDRESSEE IN CARE OF ANOTHER.

In an action for damages from delay in delivering a telegram sent to the addressee in care of a company, testimony of messenger boys that it was the habit of one of them to deliver such messages to the company's manager, and that the other boy believed he delivered the message to such manager, who was not called as a witness for plaintiff, though present, constituted prima facie proof that the message was offered to the manager.

2. TELEGRAPHS AND TELEPHONES ⬨⇒68(2)— MENTAL ANGUISH ALONE NOT RECOVERABLE FOR DELAY IN INTERSTATE TELEGRAM.

No recovery for mental anguish can be had by reason of failure to attend the burial of a relative, in the absence of proof of physical injury, as a result of failure to promptly deliver an interstate telegram.

3. TELEGRAPHS AND TELEPHONES ⬨⇒54(6)— NO RECOVERY FOR DELAY OF INTERSTATE MESSAGE BEYOND STIPULATED AMOUNT.

Where an interstate telegram is sent at a reduced rate in consideration of an agreement by the sender not to hold the telegraph company liable in excess of $50 for negligent delay, the sendee cannot recover more than $50 for damages caused by negligent delay in delivery.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mrs. J. N. Price against the Western Union Telegraph Company and others. Judgment for plaintiff, and the named defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, of Ft. Worth, for appellant.

J. W. Kearby, of Ft. Worth, for appellee.

DUNKLIN, J. The Western Union Telegraph Company has appealed from a judgment rendered in favor of Mrs. J. N. Price for damages sustained by her through the alleged negligence of that company in failing to promptly deliver a telegraphic message addressed to her son, Frank N. Price, but sent for her benefit, announcing the death of her mother. The message was sent from Reno, Nev., and addressed to Frank N. Price, care of the Cassidy-Southwestern Commission Company, Ft. Worth, Tex. It was sent by T. B. Bennett, a brother-in-law of Mrs. Price, and, according to allegations in plaintiffs' petition, which were sustained by Bennett's testimony, the appellant's receiving

agent at Reno was notified at the time the message was sent that it was for the benefit of the plaintiff, Mrs. J. N. Price, and that Mrs. Elkins, whose death was announced in the telegram,' was the mother of Mrs. Price.

The proof showed that the message was deposited in appellant's office at Reno on February 11, 1918, at 12:25 p. m., and was forwarded immediately by the agent at that station. It was a prepaid message, and reached the appellant's office in North Ft. Worth some time prior to 2:50 p. m. on the same day that it was sent from Reno. At 2:50 o'clock it was taken out of appellant's office by one of its messenger boys, who returned it at 3 o'clock. That messenger was named Jesse Richardson. The office of the Cassidy-Southwestern Commission Company was in the same building and on the same floor with appellant's office in Ft. Worth and only a few feet from the latter's office. Jesse Richardson, after receiving the message for delivery, carried it into the Cassidy-Southwestern Commission Company's office, where he was told that the addressee, F. N. Price, was not known, and the messenger was there told to take it back to appellant's office, and that, if the addressee should come in, he would be sent to appellant's office for the message. The messenger further testified with reference to the person to whom he offered to deliver the message in the Cassidy-Southwestern Commission Company's office as follows: "I think that fellow's name was Calloway."

W. L. Miller, manager of appellant's office in North Ft. Worth, testified that he had been notified by Mr. Calloway, manager of the Cassiday-Southwestern Commission Company, that all messages addressed to his firm should be delivered to him.

A second messenger boy, Tom Wyman, who was employed by appellant, was directed by appellant's manager to take the message into the office of the Cassidy-Southwestern Commission Company and deliver it. That messenger carried it into the office at 3:40 p. m. of the same day it was sent, and returned it shortly thereafter undelivered because no one in that office would receive it. This boy testified that he had no independent recollection of this particular message, but testified from notations made thereon by him, the correctness of which he vouched for. He further testified as follows:

"It was my habit and custom to deliver messages that went care of the Cassidy-Southwestern Commission Company to Mr. Calloway; he was the manager."

Upon failure of the second attempt to deliver the message appellant's manager sent a service message to the receiving office to the effect that addressee Frank N. Price could not be found at the address given, but no more definite instructions were given by the sender in respect to that message, of which he had due notice.

Frank N. Price was an employé of the Cassidy-Southwestern Commission Company and did not receive the message until several days after it was sent, too late for his mother, the plaintiff, to go to Nevada and attend the burial of Mrs. Elkins. It thus appears that there was no unreasonable delay in the transmission of the message from Reno to North Ft. Worth, nor in tendering it for delivery in the office of the Cassidy-Southwestern Commission Company after it reached appellant's receiving office in North Ft. Worth.

By several assignments appellant insists that, when the message was tendered to the Cassidy-Southwestern Commission Company, in whose care it was sent, and that, too, within a reasonable time after it was offered for transmission in Reno, Nev., appellant's contract was fully discharged, and therefore the trial court erred in submitting to the jury any issue of liability at all.

In the case of Western Union Telegraph Co. v. Young, 77 Tex. 245, 13 S. W. 985, 19 Am. St. Rep. 751, it was held that, when a telegram is sent to one person in care of another, the telegraph company's contract with the sender is discharged when the message is delivered or tendered to the one in whose care it is sent; and in that case the person in whose care the telegram was sent declined to receive it and handed it back to the messenger. To the same effect are the following decisions: Western Union Telegraph Co. v. Thompson, 31 S. W. 318; Western Union Telegraph Co. v. Barefoot, 97 Tex. 159, 76 S. W. 914, 64 L. R. A. 491; Western Union Telegraph Co. v. Terrell, 10 Tex. Civ. App. 60, 30 S. W. 70; Western Union Telegraph Co. v. Shaw, 40 Tex. Civ. App. 277, 90 S. W. 58; Johnson v. Western Union Telegraph Co., 63 Tex. Civ. App. 245, 132 S. W. 814.

Counsel for appellee in his brief filed here does not question the rule announced in the decisions above cited, but he insists that in view of Miller's testimony that he, as appellant's manager at the receiving office, had been notified by Calloway, manager of the Cassidy-Southwestern Commission Company, that all messages coming to the latter company should be delivered to him (Calloway) the proof offered by appellant upon the trial was insufficient to show conclusively that the telegram was tendered to Calloway, and hence was insufficient to show conclusively a compliance with appellant's contract.

[1] As noted already, the messenger Tom Wyman testified that he had no independent recollection of handling the message but vouched for the truth of the notations made by him thereon, and that it was his habit and custom to deliver such messages to Mr. Calloway, the manager. The other messenger boy, who had been delivering messages from

(219 S.W.)

that office for about four months, as noted already, believed that he tendered the message to Mr. Calloway. It was further shown upon the trial that Mr. Calloway was present in court at the time the case was on trial, and he was not called by the plaintiff to deny that the message was delivered to him, nor did plaintiff offer any other testimony tending to refute that of the two messenger boys. We are of the opinion that the testimony of those two boys clearly constituted prima facie proof that the message was offered to Mr. Calloway, the manager of the Cassidy-Southwestern Commission Company, and that, in the absence of some evidence tending to controvert that prima facie proof, the court erred in submitting the issue of liability to the jury, especially in view of plaintiff's failure to introduce Mr. Calloway, who, as shown above, was present in court during a part of the time the case was being tried and whose testimony was therefore available to plaintiff. M., K. & T. Ry. Co. v. Day, 104 Tex. 243, 136 S. W. 435, 34 L. R. A. (N. S.) 111.

Accordingly the assignments of error referred to are sustained; and from that conclusion it follows that the judgment must be reversed, and judgment must be here rendered in favor of the appellant.

[2] Therefore it becomes unnecessary to discuss several other assignments of error. One of those assignments presents the further contention, which we think sound, that since the message was an interstate message, then, under such decisions as Southern Express Co. v. Byers, 240 U. S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197, and Western Union Telegraph Co. v. Brown, 234 U. S. 542, 34 Sup. Ct. 955, 58 L. Ed. 1457, in no event could there be a recovery for mental anguish which the jury found the plaintiff sustained by reason of her failure to attend the burial of her mother in the absence of any proof of any physical injury as a result of appellant's failure to promptly deliver the message to Frank N. Price.

[3] Another assignment presents the contention, which we likewise approve, that the message being interstate, under such decisions as Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 698, and Gardner v. Western Union Tel. Co., 231 Fed. 405, 145 C. C. A. 399, in no event could the recovery by plaintiff exceed the contract valuation of $50 for negligent delay, the appellant's pleading and proof showing that in consideration of that stipulation in the contract the toll charged for sending the message was at a reduced rate.

For the reasons noted, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.