WESTERN UNION TELEGRAPH COMPANY V. ELMER KUYKENDALL.

No. 1484. Decided November 16, 1905.

**Telegraph—Burial—Damages—Notice.**

The message sent on the 18th of the month from Hollis, Ok. Ter. to the sister of deceased near Kingsland, Texas, "Will Arant died this a. m. Will be at Lampasas tomorrow evening, the 19th day," did not advise the company that it was the intention of the sender to bring the body to that place for interment near the sister's home, and damages to the sister, through delay in its delivery, from failing to receive the notice in time to prepare for the reception and burial of the corpse were not recoverable. (Pp. 324–326.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Llano County.

Kuykendall sued the telegraph company and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Geo. H. Fearons, N. L. Lindsley* and *L. A. Hill,* for plaintiff in error.—The Court of Civil Appeals erred in overruling and in not sustaining appellant's assignment of error which complains of the court's action in overruling defendant's special exception No. 5, because said telegram upon its face, and by the language of same, did not put defendant on notice of any such injuries or damage as claimed by plaintiff, and because the said telegram was insufficient to give the addressee, Myrtle Kuykendall, or anyone else, notice that the said Walker Arant was carrying or would carry with him the body or corpse of the said Will Arant, or that the said Myrtle Kuykendall was not in good health and would not use reasonable diligence to attend said funeral. Western U. Tel. Co. v. Carter, 85 Texas, 580; Western U. Tel. Co. v. McNairy, 78 S. W. R., 969; Western U. Tel. Co. v. Campbell, 81 S. W. R., 580; Western U. Tel. Co. v. Burch, 81 S. W. R., 552.

The Court of Civil Appeals erred in overruling and in not sustaining appellant's assignment of error, complaining of the trial court rendering judgment for the plaintiff, because no such damages as pleaded and claimed by the plaintiff were in contemplation of the parties at the time of making said contract, and said telegram gave no notice of the facts pleaded by plaintiff, and because no other notice was given to defendant than that conveyed by the language of said telegram and the said language of said telegram did not put the defendant on notice of any such facts or damages as claimed by plaintiff, and especially that the said Myrtle Kuykendall was in delicate health and could not go into the neighborhood where she knew said burial would occur and await same at the house of some relative, neighbor or friend. Same authorities.

*Chas. L. Landerdale* and *F. J. Johnson,* for defendant in error.—The fact, if it be a fact, that plaintiff's petition failed to show that the telegraph company receiving a telegraphic message for transmission had notice, other than such notice as may have appeared upon the face of the message, of the "purpose of sending" such message, does not, inde-

pendently of and without regard to the language and purport of such message, render such petition bad on general demurrer, but the language and purport of the message itself may be sufficient to charge the telegraph company with notice of its purpose. Western U. Tel. Co. v. Wilson, 51 S. W. Rep., 521; Western U. Tel. Co. v. Linn, 87 Texas 7; Western U. Tel. Co. v. Smith, S. W. Rep., 33, p. 742; Evans v. Western U. Tel. Co., 56 S. W. Rep., 609; A. & E. Cy. L., vol. 27 (2d ed.), p. 1064, note 2; id. 1065, note 5.

[From argument in support of a motion for rehearing, which was overruled.]

The statement in the opinion that the language of the telegram authorized the presumption that the burial would take place at Hollis, or near there, is without authority to support it. In truth, the authorities seem to hold just the reverse. Western U. Tel. Co. v. Adams, 75 Texas, 532; Western U. Tel. Co. v. Moore, 76 Texas, 67; Western U. Tel. Co. v. Wilson, 51 S. W., 521; Western U. Tel. Co. v. Linn, 87 Texas, 7; Western U. Tel. Co. v. Nations, 82 Texas, 539.

BROWN, ASSOCIATE JUSTICE.—Elmer Kuykendall sued the Western Union Telegraph Company for damages charged to have been caused to his wife by the failure of that company to transmit and deliver, in a reasonable time, the following message: "Hollis, O. T., 11-18-03. Mrs. Myrtle Kuykendall, Kingsland, Texas. Will Arant died this a. m. Will be at Lampasas tomorrow evening the 19th day. (Signed) Walker Arant." It is alleged that Myrtle Kuykendall was the wife of the plaintiff Elmer Kuykendall and the sister of Will Arant, mentioned in the message as being dead. That Walker Arant, the sender of the message, acting for and on behalf of Myrtle Kuykendall, wrote and delivered the message to the local operator of a telephone line then being operated between Hollis and Quanah, Texas, to be by the telephone company transmitted to the Western Union Telegraph Company at Quanah, Texas, for transmission by it and delivery at Kingsland, Texas, to the party addressed. It is alleged that at the time the message was delivered to the telephone company the fees for sending the message by the telephone company to Quanah and the charge of the telegraph company for transmitting it to Kingsland as well as four dollars, estimated cost of sending the message beyond the free delivery limits, were paid by Walker Arant for and on behalf of Myrtle Kuykendall, and that the telegraph company at Quanah received the message and transmitted it to Kingsland. It is alleged that at the time there existed a custom between the telegraph company and the telephone company that the latter should receive messages and transmit them to Quanah to be by the telegraph company sent according to directions, and that the telephone company was authorized to and did receive the charges of the telegraph company for such service. The petition alleges that when the message was received at Kingsland the agent within a short time thereafter learned that Mrs. Kuykendall resided about eight or ten miles in the country, which was beyond the free delivery limits of the company at that place. The petition alleges that it was the custom and habit of the telegraph company, upon receipt of death messages addressed to persons residing outside the free delivery limits, to im-

mediately send a service message to the sending office and inquire whether the cost of delivering the message outside the free delivery limits had been paid or secured, but in this instance the agent at Kingsland delayed sending the service message until it was so late that it was not received at Quanah until the next morning at 9 o'clock, which resulted in delay in delivering the message to Mrs. Kuykendall until about 6 o'clock p. m. of the 19th day of the month. It is alleged in the petition that Mrs. Kuykendall did not know where the remains were for some time, and that she was greatly distressed over these conditions, that she had not sufficient notice to enable her to prepare for the decent interment of the remains or for attending the funeral which occurred at Tow Valley in the country near to her home. It is further alleged that the body was brought by Walker Arant to Lampasas on the 19th, and, nobody being there to direct him as to the place of burial, he carried the body into the country and it was kept over until the morning of the 21st before it was interred, which caused it to become very offensive so that the coffin could not be opened and no view taken of the remains. There are no allegations showing that the agent of the telegraph company at Quanah, or at Kingsland, had any notice of the facts thus alleged, except what would be given by the language of the telegram itself.

The telegraph company excepted to the petition because it did not allege facts showing that the telegraph company had notice of any of the conditions out of which the damages charged against it might arise by reason of its failure to properly perform the service of transmitting and delivering the message. The trial court overruled the exception, and, upon trial before the district judge without a jury, judgment was given to the plaintiff for $1,350, which judgment was affirmed by the Court of Civil Appeals.

If Will Arant had been buried in Oklahoma, where he died, and the plaintiff had sued the telegraph company because his wife was by its negligence deprived of the opportunity to attend the funeral, the telegram would be held sufficient to give notice to the telegraph company that Mrs. Kuykendall would probably desire to respond to the message by going to the place where her brother had died in order to be present at his burial. Western U. T. Co. v. Carter, 85 Texas, 580. Certainly the same language can not be held to give notice to the telegraph company that the remains of the brother would be carried to Texas for burial; that would be such a contradiction in construction that every message of the kind would leave the telegraph company in doubt whether it was required to use due care to facilitate the party's attendance at the funeral at the place of death or to notify the sendee that the body would be shipped to the place of his or her residence for interment. The result to be anticipated would be very different. The construction given in the case cited is consistent with the ordinary course of the affairs, for one would naturally expect the deceased person would be buried in the vicinity of his residence where he died. The phrase, "will be at Lampasas tomorrow evening the 19th day," clearly means that the sender, Walker Arant, would be at Lampasas at the time named; but there is nothing in the terms of the message to indicate that he would carry the body of the deceased with him. Neither did the message give notice

to the telegraph company that the deceased would be buried in the family burying ground near the home of the sister, nor of any facts or circumstances which would make it necessary for her to make preparation to receive the body or to enable her to attend the funeral. The facts relied upon as constituting the damage to her and causing her mental suffering were not made known to the telegraph company by the message or other means.

The trial court erred in overruling the defendant's exception to the plaintiff's petition; for which error the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.