## WESTERN UNION TELEGRAPH COMPANY v. M. E. AYERS.

### Decided February 12, 1906.

#### 1.—Death Message—Delay—Pleading.

The following telegram was sent from Sour Lake to the plaintiff at Bay City: "Frank breathed his last at one o'clock." Frank was the plaintiff's son, and his remains were buried at Beaumont the next day. The message was delayed in transmission, and plaintiff sues because she was thereby prevented from attending the funeral at Beaumont. There was no allegation of the relative locations of Sour Lake, Bay City and Beaumont. Held, damages to the plaintiff by reason of her inability to attend the funeral of her son at Beaumont was not in contemplation of the defendant when it undertook to transmit said message from Sour Lake to Bay City.

#### 2.—Telegram—Delivery Limit.

The telegram was written upon a blank containing a stipulation that the message would not be delivered beyond the free delivery limits established by the company, without extra charge. The limit established by the company was one-half mile each way from the company's office. The burden was on plaintiff to show that the rule was unreasonable; there being no evidence to this effect, the court erred in submitting the question to the jury.

Appeal from the District Court of Matagorda County. Tried below before Hon. W. C. Carpenter, Special Judge.

*Hume, Robertson & Hume,* for appellant.—Plaintiff's pleadings state no cause of action. Western U. Tel. Co. v. Kuykendall, 14 Texas Ct. Rep., 40; Western U. Tel. Co. v. Carter, 85 Texas, 580.

Where a telegraph company accepts a message for transmission under a contract containing a stipulation as to free delivery limits, and under the rules and regulations of the telegraph company free delivery limits in towns or cities of less than 5,000 inhabitants having been fixed at one-half mile in all directions from its terminal office, and said delivery limits having been established and observed in Bay City, a city of less than 5,000 inhabitants, the telegraph company was under no obligation to deliver the message beyond said limits, except upon payment or guaranty of extra compensation for such delivery. Western U. Tel. Co. v. Redinger, 54 S. W. Rep., 418; Anderson v. Western U. Tel. Co., 19 S. W. Rep., 284; Western U. Tel. Co. v. Taylor, 22 S. W. Rep., 532; Hargrave v. Western U. Tel. Co., 60 S. W. Rep., 690; Western U. Tel. Co. v. Rains, 63 Texas, 29; Western U. Tel. Co. v. Jennings, 84 S. W. Rep., 1056; Western U. Tel. Co. v. Crider, 54 S. W. Rep., 964; Western U. Tel. Co. v. Love-Banks Co., 83 S. W. Rep., 950;

Western U. Tel. Co. v. Scott, 87 S. W. Rep., 289; Western U. Tel. Co. v. Ward, 51 S. W. Rep., 259.

The telegram having been sent from Sour Lake to plaintiff at Bay City, and being on its face a mere notification to plaintiff of her son's death, and the evidence showing that plaintiff did not know where the funeral was ·to take place, nor the time when it would take place, until after the means of conveyance thereto had become unavailable, and there being no pleading and no evidence that a removal of the body from Sour Lake and burial at Beaumont would be had, or was expected, or contemplated on November 11, 1903, by the sender of the message or his agent, or by defendant's agent at Sour Lake, or by plaintiff at Bay City, it was error for the court to submit to the jury the question of whether plaintiff could and would have attended the funeral.

Plaintiff's failure to be present at the burial at Beaumont was not the proximate result of defendant's failure to deliver the message before the train departed, where, in the nature of things, plaintiff being in ignorance of the purpose or intention of the sender to ˙remove the remains from Sour Lake, and being in ignorance of the place of burial, plaintiff must have ascertained where the burial was to be before she could or would have left Bay City to go to Beaumont to the burial, and it ¬not being shown that plaintiff could or would have found out when and where the burial was to be, or that she was expected to be present at the burial, in time for her to have attended the same, if the telegram itself had been promptly delivered. Western Union Tel. Co. v. Edmonson, 91 Texas, 209; Western Union Tel. Co. v. Stiles, 89 Texas, 312; Western Union Tel. Co. v. Carter, 85 Texas, 580; Western Union Tel. Co. v. Linn, 87 Texas, 13; Western Union Tel. Co. v. Smith, 26 S. W. Rep., 216; Western Union Tel. Co. v. Coffin, 88 Texas, 94.

Where plaintiff alleges that as a result of defendant's negligent delivery of the telegram she missed the train which she would have taken to Beaumont, and thereby failed to be present at her son's burial in Beaumont, she can not recover damages for failure to be present at the burial without alleging and proving that she could and would have taken the train to Beaumont as alleged but for defendant's negligence, and could and would thereby have been present at the burial of her son at Beaumont. Cumberland Tel. Co. v. Brown, 55 S. W. Rep., 157; Western U. Tel. Co. v. Newnum, 78 S. W. Rep., 700; Western U. Tel. Co. v. Smith, 88 Texas, 13; Western U. Tel. Co. v. Houswright, 23 S. W. Rep., 824.

*Lane & Higgins* and *Gaines & Corbett,* for appellee.—The conditions on the blank signed by the agent or the sender in this case, indicated that the message would be delivered free within the free delivery limits of the terminal office, and that for delivery at a greater distance a special charge would˙ be made, but what constitutes free delivery ·limits in Bay City, Texas, was not brought to the attention of the sender or his agent and he was not charged with notice of it. Western U. Tel. Co. v. Davis, 71 S. W. Rep., 313; Western U. Tel. Co. v. Davis, 59 S. W. Rep., 46; ·Western U. Tel. Co. v. Teague,

27 S. W. Rep., 958; Western U. Tel. Co. v. DeJarles, 27 S. W. Rep., 792; Western U. Tel. Co. v. Clark, 38 S. W. Rep., 225; Western U. Tel. Co. v. Davis, 51 S. W. Rep., 258; Evans v. Western U. Tel. Co., 56 S. W. Rep., 610.

It was not error for this court to submit to the jury the reasonableness of defendant's regulations as to free delivery limits; that being a mixed question of law and fact, must have been determined by the jury from the peculiar facts and circumstances of the case. 23 Ency. of Law, 2d ed., 585; Kansas Ry. Co. v. Ayers, 38 S. W. Rep., 516; Missouri Pac. Ry. Co. v. Childers, 21 S. W. Rep., 77; Galveston, H. & S. A. Ry. v. Thompson, 23 S. W. Rep., 931; Texas & Pac. Ry. v. Adams, 78 Texas, 373.

The pleading of plaintiff showing that she would have gone to Beaumont and been present at the interment of her son, and her evidence showing that if the message had been delivered she would have left Bay City on November 11, for that purpose, and the testimony showing that she would have reached Sour Lake in time to accompany the body to Beaumont, it was proper for the court to submit to the jury the question of whether the plaintiff could have and would have attended the funeral. Lopez v. Western U. Tel. Co., 8 S. W. Rep., 600; Western U. Tel. Co. v. Kinsley, 28 S. W. Rep., 831; Western U. Tel. Co. v. Clark, 38 S. W. Rep., 225; Jones v. Roach, 51 S. W. Rep., 549.

REESE, Associate Justice.—Mrs. M. E. Ayers brought this action against the Western Union Telegraph Company to recover damages for negligence in failing promptly to transmit from Sour Lake and deliver to her in Bay City a telegram from W. E. Ayers, her son, as follows:

"Sour Lake, Texas, November 11, 1903.
Mrs. M. E. Ayers, Bay City, Texas.
Frank breathed his last at one o'clock.

W. E. Ayers."

It is alleged that by reason of the failure on the part of defendant to use due diligence in the transmission and delivery of the telegram plaintiff was deprived of the privilege of being present at the burial of her son, in consequence whereof she suffered great mental anguish.

There was verdict and judgment for plaintiff, and defendant appeals.

It was alleged in the petition that the telegram was not delivered until November 12, 1903, at 10 o'clock a. m.; that the body of Frank Ayers was by his brother, W. E. Ayers, taken to Beaumont, Texas, and there buried the next day after his death on, to wit, November 12; that by the use of ordinary care and diligence, the defendant could have delivered to plaintiff the message before 3:15 p. m. on the 11th, and if it had been done, she would have been able and would have gone to and reached Beaumont before the burial of her son's body. It is further alleged that if the message had been delivered to plaintiff by 3:15 o'clock p. m., on said 11th of November, 1903, she could and would have left Bay City on the Cane Belt train leaving Bay City at about 3:40

p. m. on said date, and would have reached Beaumont early the next morning before the interment of her son's body, and been present thereat. The telegram was set out in full in the petition.

To this petition appellant presented a general demurrer which was overruled.

It is assigned as error that plaintiff's pleading stated no cause of action.

It is alleged in the petition that Frank Ayers died in Sour Lake and that appellee was apprised of the fact by the telegram in question, which was not promptly delivered, and that if it had been delivered with reasonable promptness she would have been able to and would have reached Beaumont in time for the burial at that place on the next day.

It is contended by appellant that there was nothing in the telegram to apprise it of the fact that Frank Ayers would probably be buried in Beaumont, or that appellee would desire to attend his funeral at that place, and that there was nothing in the message, nor was appellant otherwise notified, that it was required or expected by a prompt delivery of the message, to enable appellee to attend the funeral of her son in Beaumont. It is further contended that it could not have been contemplated by the appellant that appellee would, as a consequence of delay in the delivery of the message, be prevented from attending the burial of her son in Beaumont.

There are no allegations in the petition from which can be inferred the distance from Beaumont to Sour Lake, or the relative location of each place with reference to Bay City.

The telegram was notice to appellant of the relationship of the parties to each other; that appellee would probably desire to attend the burial of the deceased at or in the vicinity of Sour Lake, and would go to Sour Lake for that purpose, and that this was the cause for sending the message. Appellant was required, then, to use proper care and diligence in the transmission and delivery of the telegram so far as was necessary to effect this purpose, and by the contract rendered itself liable for whatever damages might proximately result to appellee from a failure of the message to effectuate its purpose as thus understood. From all that appears in the petition it might have been impossible for appellee to reach Sour Lake in time for the burial, and she may not have contemplated doing so. We think the case comes within the rule laid down in Western U. Tel. Co. v. Kuykendall, lately decided by the Supreme Court. (14 Texas Ct. Rep., 40.) If in that case the plaintiff had only claimed damages for not having received sufficient notice to enable her to prepare for the decent interment of the remains at Tow Valley, or because she did not know where the remains were for a long time, there might be some ground upon which that case could be distinguished from this, but plaintiff in the Kuykendall case also sued for damages arising from her having been unable to attend the burial at Tow Valley, and it was substantially held by the court that such damages were not in contemplation of the telegraph company, the telegram simply advising Mrs. Kuykendall that her brother had died in Oklahoma.

The telegram in the present case simply advised appellee that her son

had died in Sour Lake, and damages for inability to attend his burial in Beaumont were not in contemplation of the appellant.

In the case of Western U. Tel. Co. v. Edmonson (91 Texas, 209), the rule is thus stated: "When two parties have made a contract, which one of them has broken, the damage which the other ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered as arising naturally, i. e., according to the usual course of things, from such breach of contract itself, as may reasonably be supposed to have been in contemplation of the parties at the time that they made the contract, as the probable result of the breach of it."

The assignment of error must be sustained.

The evidence tended to show that Beaumont is a short distance from Sour Lake, and that if the telegram had been promptly delivered appellee could and would have taken a train by which she could and would have either reached Sour Lake before the remains left there for Beaumont, or failing to do so, could and would have met the train carrying the remains to Beaumont at Nome; but this is not the case made by the petition.

It is assigned as error that the court submitted to the jury the issue as to whether the rule of appellant company establishing free delivery limits was reasonable. It was agreed that appellee lived outside of the free delivery limits of over half a mile from appellant's office in Bay City. Whether this rule is a reasonable one or not is a question of fact to be submitted to the jury, but the burden was upon appellee to show that the rule in its application to Bay City was unreasonable, and upon this point there was no evidence of any peculiar circumstances with regard to Bay City, that did not exist as to all towns of less than five thousand inhabitants, and in such case it was error to submit the question to the jury. There was no evidence to rebut the *prima facie* presumption that the rule was a reasonable one, as applied to Bay City.

The blank upon which the telegram was written contained a stipulation that the message would not be delivered beyond the free delivery limits established by the company without extra compensation. The sender contracted with reference to the rule of this company. The rule establishing free delivery as one-half mile each way from appellant's office in towns or cities of five thousand inhabitants or under and one mile in towns and cities of over five thousand inhabitants, appears to have been a general rule of practically universal application. This rule in its application to the message in question was binding on appellee unless it was an unreasonable one, which she would be required to show.

For the errors indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*