SMITH v. POSTAL TELEGRAPH-CABLE
CO. OF TEXAS.

(Supreme Court of Texas.  Feb. 8, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 68*) —
MESSAGES—NOTICE OF DAMAGE.

A telegram announced the death of plaintiff's brother, and the evidence showed that arrangements had been made for his burial at H., which was known to plaintiff before the telegram was sent. *Held*, that the telegram gave notice to the company that plaintiff would probably desire to attend the burial, so that the company was liable to her for mental anguish, resulting from its negligent failure to deliver the telegram in time to enable her to attend the burial.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

2. APPEAL AND ERROR (§ 1092*) — REVIEW —
IMPROPER ARGUMENT.

In determining the alleged impropriety of argument of counsel, the Court of Civil Appeals will consider it with reference to the facts of the case, the amount of the judgment, and other attending circumstances, a reversal on that ground being largely in its discretion, and such discretion will not be reviewed by the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4312–4321, Dec. Dig. § 1092.*]

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. Mayrant Smith against the Postal Telegraph-Cable Company of Texas. Judgment for defendant, and plaintiff brings error. Reversed and remanded for judgment as directed.

See, also, 124 S. W. 733.

Spence, Knight, Baker & Harris and Gilbert & Upthegrove, for plaintiff in error. A. P. Wozencraft and D. A. Frank, for defendant in error.

RAMSEY, J. This was a suit by J. Mayrant Smith filed in the district court of Dallas county for damages against the Postal Telegraph-Cable Company of Texas on account of its negligence in failing to deliver promptly the following telegram: "Belton, Texas, November 25, 1904. Mrs. J. Mayrant Smith, care Oriental Oil Company, Dallas, Texas. Dave died this morning three o'clock. Will make all arrangements. (Signed) Wm. Thatcher." The relationship of all the parties was averred in the petition, and further that, while on a visit to David Terry, the deceased, an inmate of the Confederate Home at Austin, it was arranged that in the event of the death of Terry, who was at the time sick, that Thatcher should advise Mrs. Smith of the fact by wire and make arrangements for his burial in the family burial ground at Houston, Tex. The fact of the delay in the delivery of the message sent and the facts constituting the negligence of the company in respect thereto are well and sufficiently pleaded. It is also alleged that said telegram was not delivered until after the burial at Houston; that, if such message had been delivered within a reasonable time after being sent, Mrs. Smith could and would have attended the funeral of her brother; but that she was deprived of the privilege of seeing him again before he was buried, whereby she suffered great mental grief, and was made sick, and so continued for several days. On a trial before the court and jury plaintiff in error recovered judgment in the sum of $650. This judgment was on appeal by the Court of Civil Appeals for the Fifth Supreme Judicial District reversed in an opinion delivered on January 10, 1910, on the ground, in substance, that "there is nothing in the telegram that can be held to give notice to the telegraph company that the remains would be carried to Houston for burial, and therefore it cannot be said that the damages resulting to Mrs. Smith in not being notified in time to attend the funeral at Houston was contemplated by the company at the time the contract to transmit and deliver the message was entered into."

If this case should be ruled by the case of Western Union Telegraph Company v. Kuykendall, 99 Tex. 323, 89 S. W. 965, then, undoubtedly, plaintiff in error is not entitled to recover. A careful examination of the opinion in that case, aided by the original record, which we have examined, has led us to the conclusion that the rule laid down in that case has no application to the question here presented, but is easily distinguishable from this case. In the Kuykendall Case there had been no arrangements made for the burial, and the complaint was that by reason of the delay in the delivery of the telegram the plaintiff was prevented from preparing for the decent interment of the remains and attending the funeral, which occurred at Tow Valley in the country near her home. The main object and purpose of the telegram therefore was to advise Mrs. Kuykendall of the death of her brother, so that she might arrange for his burial. Of this purpose and of the facts in respect thereto the telegraph company had in fact no knowledge. It must seem obvious, too, that as a condition to her attending the funeral she must first determine and conclude where the interment should take place, and make the necessary arrangements for it, before she could attend the same. It was with reference to these facts that the court say: "Neither did the message give notice to the telegraph company that the deceased would be buried in the family burying ground near the home of the sister, nor of any facts and circumstances which would make it necessary for her to make preparation to receive the body or to enable her to attend the funeral." In the present case the place of the burial had been fixed, and all due arrangements

in respect thereto provided for, all of which was well understood and known to the addressee of the message. These were not matters as to which she needed information or as to which the message was intended to give information. The important fact intended to be conveyed to her and which alone, as she avers, was necessary to enable her to attend the funeral of her brother, was the fact of his death. This information was, by the negligence of the company, withheld from her. The nature of the telegram was such as to visit it with notice of the fact that she might and probably would wish to attend the burial whenever it might be. Nor can her right to recover be defeated because notice of the place of the funeral was not given in it.

2. There are many other questions relied on for a reversal of the judgment in the Court of Civil Appeals, all of which we have carefully examined. Unless the assignment complaining of improper argument by counsel for plaintiff in error should require a reversal of the judgment of the trial court, as to which we express no opinion, there is no other matter presented of such importance as should, in our opinion, operate to work a reversal of such judgment. In passing on the question of the argument complained of as improper, the Court of Civil Appeals will naturally consider same with reference to the facts of the case, the amount of the judgment, and other attendant circumstances, and a decision of this matter must, in a large measure, be committed to their sound discretion.

The cause will therefore be returned to the Court of Civil Appeals for the Fifth Supreme Judicial District, with directions to adjudicate and determine this question, with instructions when they have done so, to certify the result of their judgment and conclusion on this point to this court for its information in its further proceeding herein.