WESTERN UNION TELEGRAPH CO. v. EDMONDS.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912.)

TELEGRAPHS AND TELEPHONES (§ 68*)—DEATH MESSAGES—DELAY IN DELIVERY—DAMAGES.

A telegram addressed to plaintiff, announcing the death of his mother, was insufficient to charge the telegraph company, on its delaying delivery of the message, with damages for mental anguish suffered by plaintiff on account of being prevented from procuring her burial at a particular place.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by W. F. Edmonds against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

On the night of December 11, 1910, Miss Elizabeth Edmonds, at Shreveport, La., received a telegram, informing her of the death of her mother at Washington, D. C., and requesting her to notify the rest of the family. On the following morning, between 7 and 9 o'clock, she called up by telephone and dictated to the agent of appellant at Shreveport the following message: "W. F. Edmonds, R. F. D. No. 4, Marshall, Texas. Received telegram this morning. Mother died last night." The addressee was the brother of the sender of the message, and the son of the deceased. The agent of appellant received the telegram over the phone, and transmitted the same to Marshall, Tex. It was received at Marshall, Tex., by the operator there at about 9 o'clock a. m. The messenger went to the post office and asked some one connected with it where the addressee lived, and was told that he lived on rural route No. 4 out of Marshall; but he did not know how far out he lived. The messenger returned to the appellant's office and reported this information to the manager, and it was then decided to put a two-cent postage stamp on the message and mail it, which was done, and the telegram went by rural route delivery to the appellee's mail box. The route was a triweekly route, and by reason thereof appellee did not receive the telegram until the morning of December 16, 1910. Appellee sued for mental anguish occasioned to him in failing to attend the funeral of his mother by reason of the alleged negligent failure to personally deliver him the telegram. The evidence showed that appellee's business office was in the city of Marshall, and that his family residence was just beyond a mile from the telegraph office.

Young & Stinchcomb, of Longview, for appellant. R. A. Sexton, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). The third assignment of error assails that portion of the court's charge that authorizes a recovery for the mental anguish suffered by appellee by reason of "being deprived of the privilege of attending his mother's funeral in Washington, D. C., or burying her in Ardmore, Okl." The mother died in Washington, D. C., where she was residing. Appellee, had he gotten the message promptly would have wired some of the relatives at Washington for permission of the family to have the mother's remains sent to Ardmore, Okl., for burial. It could be assumed, in view of the facts of this case, that the appellant had notice, at the time of receiving the message in suit, that the mother died at Washington, and could have contemplated that appellee would attend her funeral there. That the appellee would have any desire to have his mother buried at Ardmore, instead of the place of her death, though, was not made known to the telegraph company by the language of the message, or otherwise, at the time of sending the message. Hence the telegraph company could not be held to reasonably contemplate that appellee would suffer mental anguish on account of not having his mother buried in Ardmore, Okl., as a result of not receiving the message within a reasonable time. Telegraph Co. v. Kuykendall, 99 Tex. 323, 89 S. W. 965;

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Telegraph Co. v. Ayers, 41 Tex. Civ. App. 627, 93 S. W. 199. This error requires a reversal of the judgment. It is doubtful as to whether· any claim of damage for not being able to be "at his mother's funeral at Washington," as charged by the court, could be said to be included within or excluded by the language of the allegation in that paragraph where the damage suffered is set out. See Telegraph Co. v. Campbell, 41 Tex. Civ. App. 204, 91 S. W. 312. However, in view of another trial, an amendment may remove the objection urged.

It is evident from the facts here that any error as to the middle initial of the addressee did not cause a delayed delivery to him; yet if there be an issue raised in that respect in another trial, the charge asked, as in the sixth assignment, should be given. Further, while overruling the other assignments, we are not to be understood as sustaining the giving of the charge complained of in the ninth assignment or the matter complained of in the tenth assignment.

The judgment is reversed, and the cause remanded for another trial.