**WESTERN UNION TELEGRAPH CO. v. MOBLEY.** (No. 7803.)

(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1920.)

**1. Telegraphs and telephones ☞38(6)—Delayed telegram held notice of relationship.**

A telegram: "Mother died five. Wire if coming, and when"—gave telegraph company notice that the relation between the sendee and deceased was that of son and mother, and that sendee would probably desire to attend funeral, and would suffer mental anguish by being denied the opportunity of being present by delay in delivery, and it was immaterial that the deceased was not the natural mother of the sendee, being the only mother he had ever known.

**2. Telegraphs and telephones ☞65(6)—Allegation of delay as cause of damages essential.**

To entitle sendee to recover damages for the negligence of telegraph company in failing to promptly deliver a telegram announcing the death of a relative, it devolved upon him to allege and prove that, if the telegram had been promptly delivered, he could and would have attended the funeral.

**3. Pleading ☞34(3)—Reasonable intendment indulged on demurrer.**

As against a general demurrer, every reasonable intendment must be indulged in favor of a petition.

**4. Telegraphs and telephones ☞65(1)—Petition held insufficient to show delay caused damages.**

Allegations that "plaintiff would have been enabled to attend the funeral of his mother," and he suffered much pain and anguish "because of the impossibility of reaching the burial place of his mother before she was buried, because of the delay in the delivery of said telegram," did not sufficiently show that the sendee would have attended the funeral had the telegram been promptly delivered.

**5. Pleading ☞7—Essential facts of negligence must be pleaded.**

In a negligence case, the essential facts constituting the cause of action and fixing the liability of the defendant must be directly and distinctly alleged, and not left to be supplied by inference.

**6. Telegraphs and telephones ☞66(4)—Evidence insufficient to show delay caused damages.**

Testimony of sendee in a telegram announcing the death of a relative that he could have taken an earlier train, which would have placed him in the city in time to have attended the funeral of his relative, if the telegram had been promptly delivered, was insufficient on which to base a finding that he would have taken the earlier train.

**7. Evidence ☞595—Judgment must rest on more than inference.**

A litigant should not lose his property, or be required to pay his money as damages, when his liability for such damages rests only on inference, especially where the fact necessary to establish liability, if it existed, was within the exclusive knowledge of the opposing party, who testified in the case and failed to state such fact.

Appeal from District Court, Harris County; Lewis R. Bryan, Special Judge.

Suit by J. H. Mobley against the Western Union Telegraph Company. Judgment for

plaintiff, and defendant appeals. Reversed and remanded.

Hume & Hume, of Houston, and Francis R. Stark, of New York City, for appellant.

Homer Stephenson and C. D. Ferguson, both of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for the alleged failure of appellant to make timely delivery of the following telegram, sent from the town of Farmersville, Tex., to appellee at Houston, Tex.:

"Mother died five. Wire if coming, and when.
"[Signed] J. L. Chapman."

The petition alleges, in substance, that this message was accepted by the defendant and transmitted from Farmersville to Houston for plaintiff's use and benefit, the charges therefor having been paid by the sender, J. L. Chapman; that it was received by the defendant at Houston, Tex., at 8:13 p. m. on June 16, 1918, the day it was received at Farmersville for transmission by the defendant, but that defendant negligently failed to deliver it to plaintiff until 8:40 a. m. on June 17, 1918, which was too late for plaintiff to attend his mother's funeral. It is further alleged:

"That had said telegram been promptly delivered, as under the contract of delivery defendant bound and obligated itself to do, plaintiff would have been enabled to attend the funeral of his mother, which occurred June 18, 1918, at about nine miles from Gilmer, Tex.

"That the failure to deliver said telegram was brought about by no other cause than gross negligence on the part of defendant company; that the time which intervened from receipt by defendant company of said telegram from Farmersville, Tex., and its delivery to plaintiff in Houston, Tex., was wholly unreasonable and inexcusable, and rendered transmission of the telegram useless for the purpose for which it was transmitted, as expressed in the terms and upon the face of said telegram.

"Plaintiff would further show that at the time of her death his mother, Mrs. W. D. Chapman, being stepmother to plaintiff, was 75 years of age; that plaintiff had been reared from childhood by his said stepmother, deceased, and holds and bears toward her a deep and sincere affection; that he was greatly distressed and humiliated, and suffered untold mental anguish and pain, because of the impossibility of reaching the burial place of his mother before she was interred, because of the delay in the delivery of said telegram.

"That by reason of the willful and malicious failure and refusal on the part of defendant company to deliver said telegram promptly, and within a reasonable time, plaintiff sustained damages in the sum of $1,900.75."

The defendant answered by general demurrer and general denial. The trial in the court below without a jury resulted in a judgment in favor of plaintiff in the sum of $750.

[1] Under its first assignment of error appellant attacks the judgment on the ground that the petition is not sufficient to enable appellee to recover, because it does not allege that appellant had any knowledge of the specially tender and affectionate relation that existed between appellee and his deceased stepmother, and no facts are alleged that would charge appellant with notice of such relations, and is further insufficient in that it does not allege that appellant had any notice that the purpose of sending the telegram was to enable appellee to attend the funeral of his stepmother at or near Gilmer, or at any place other than Farmersville, and because it does not allege that plaintiff, if he had received the message promptly, could and would have gone to the place of the burial, and reached there before the burial occurred.

We do not think the petition was insufficient in failing to show knowledge or notice of appellant of the relation existing between appellee and his stepmother. The telegram itself gave appellant notice that the relation between appellee and the deceased was that of son and mother, and appellant must have anticipated that appellee would probably desire to attend the funeral, and would suffer mental anguish by being denied the opportunity of being present at his mother's funeral. Having this notice, it seems to us that it was immaterial that the deceased was not the natural mother of appellee, when it is shown that she stood in the place of such mother, was the only mother he had ever known, and she and he had for each other the same tender affection that usually exists between mother and son. Telegraph Co. v. Wilson, 97 Tex. 22, 75 S. W. 482; Telegraph Co. v. Coffin, 88 Tex. 94, 30 S. W. 896; Telegraph Co. v. Kuykendall, 99 Tex. 323, 89 S. W. 965; Telegraph Co. v. Johnston (Com. App.) 210 S. W. 516.

We think, however, that the other defect in the petition pointed out under this assignment is fatal and renders the pleading insufficient to support the judgment.

[2] To entitle appellee to recover damages for the negligence of appellant in failing to promptly deliver the telegram, it devolved upon him to show that the injury for which he seeks compensation was caused by such negligence, and to show this he must have alleged and proved that, if the telegram had been promptly delivered, he could and would have attended the funeral. Telegraph Co. v. Smith, 88 Tex. 13, 28 S. W. 931, 30 S. W. 549; Telegraph Co. v. Brown, 104 Tenn. 56, 55 S. W. 157, 50 L. R. A. 277, 78 Am. St. Rep. 906; Telegraph Co. v. Kersten, 161 S. W. 371, 1091.

[3-5] Under the rule that, as against a general demurrer, every reasonable intendment must be indulged in favor of the petition, the allegation that, if the telegram had been

promptly delivered, "plaintiff would have been enabled to attend the funeral of his mother" must be regarded as a sufficient allegation that he could have reached the place of the burial before the funeral occurred, but it cannot be regarded as an allegation that he would have attended the funeral, and the petition contains no such allegation, unless it can be inferred from the allegation that he suffered much pain and anguish "because of the impossibility of reaching the burial place of his mother before she was buried, because of the delay in the delivery of said telegram." We do not think that a fact necessary to show a right of recovery should be left wholly to inference. The rules of pleading require that the essential facts constituting the cause of action and fixing the liability of the defendant be directly and distinctly alleged, and not left to be supplied by inference. Telegraph Co. v. Bell, 42 Tex. Civ. App. 462, 92 S. W. 1037.

In the case cited the inference from the facts alleged in the petition that the plaintiff, if the message had been promptly delivered, would have attended the funeral, was as strong as could arise from the facts alleged in the instant case, and this court, in an opinion by the late Justice Reese, held the petition insufficient. This holding is supported by the cases of Moody v. Benge, 28 Tex. 545, and Telegraph Co. v. Henry, 87 Tex. 169, 27 S. W. 63.

[6] Under another assignment the appellant complains of the judgment on the ground that it is without evidence to support it, in that there is no evidence that, if the telegram had been promptly delivered, appellee would have left Houston on an earlier train and reached the place of burial before the funeral.

Appellee was the only witness who testified in the case, and there is no direct testimony from him that he would have left Houston earlier than he did, if the message had been promptly delivered. This necessary element of appellant's liability, if it be a fact, can only be inferred from appellee's testimony that he could have taken an earlier train, which would have placed him in Farmersville in time for him to have attended the funeral, and his further testimony as to his strong and tender affection for his stepmother, and the fact that he did leave Houston to go to Farmersville on the first train after he received the message. What we have before said with reference to the insufficiency of the allegations of the petition upon this issue applies with equal or greater force to the testimony.

[7] We do not think a litigant should lose his property or be required to pay his money as damages when his liability for such damages rests only upon inference. Especially is this true when, as in this case, the record shows that the fact necessary to establish liability, if it existed, was within the exclusive knowledge of the opposing party, who testified in the case and failed to state such fact.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.